(No. 3795—

MOKE OWENS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

*Supplemental opinion filed January 12, 1944.*

LAWRENCE B. MOORE, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

Fisher. J.

This claim was filed May 10, 1943, for benefits under the Workmen's Compensation Act for the loss, by claimant, of the sight of his right eye and for temporary total disability alleged to be the result of an injury sustained by claimant in the course of and out of his employment.

Claimant alleges that he was employed as a garage and automobile mechanic at the State Highway Garage, operated by the Division of Highways of the State of Illinois at the City of Paris, Illinois, and while being engaged as such mechanic on February 15, 1943, while attempting to straighten a metal brace of a snow-plow a piece of metal struck claimant in the right eye causing the complete loss thereof.

The record consists of the complaint, amended complaint, supplemental complaint, stipulation of facts, waiver of statement, brief and argument on behalf of claimant and statement, brief and argument on behalf of respondent.

All jurisdictional requirements have been complied with and claimant is entitled to benefits claimed. The allegations of claimant are admitted by a report of the Division of Highways and made a part of the stipulation filed herein.

While in the course of his employment, as an employee of respondent, Division of Highways, claimant was struck in the right eye by fragments of steel, which became deeply embedded in the eyeball and the report of the attending physicians, which is also a part of the stipulation, shows the complete loss of the sight of claimant's right eye.

Subsequently, on or about August 6, 1943, as a result of said injury it became necessary for claimant to have his right eye removed and claimant thereby incurred medical and surgical expenses in the sum of $202.60 for which he is entitled to be reimbursed.

Claimant is entitled to receive for temporary total disability 7 weeks at $17.87 per week or $125.09. He was paid for unproductive time the sum of $120.40 which must be deducted leaving a balance due claimant for temporary total disability the sum of $4.69.

Claimant's average weekly wage was $36.39. He had one child under the age of 16 years at the time of the injury and under the Workmen's Compensation Act claimant is entitled to have and receive from respondent for the loss of his eye the sum of $2,144.40, being $17.87 per week for 120 weeks—

Reimbursement for medical expenses and supplies............$ 202.60
For temporary total disability................................... 4.69
For the complete loss of his right eye......................... 2,144.40

Total ....................................................$2,351.69

An award is therefore entered in favor of claimant, Moke Owens, in the sum of $2,351.69 payable as follows:

$886.35 which is accrued and payable forthwith, and the balance of $1,465.34 in 82 weekly installments of $17.87 each commencing November 15, 1943.

This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''

SUPPLEMENTAL OPINION

FISHER, J.

On May 10, 1943, claimant filed his claim seeking an award for the total loss of the sight of his right eye and for temporary disability in accordance with the provisions of the Workmen's Compensation Act. An Amended Complaint was later filed, alleging that it had become necessary for claimant to have his right eye removed, and prayed for the necessary medical and surgical expenses incurred thereby.

We found from the record that while in the course of his employment, as an employee of respondent, Division of Highways, claimant was struck in the right eye by fragments of steel, which became deeply embedded in the eyeball, causing the complete loss of the sight of claimant's right eye and necessitating the enucleation thereof.

An award was entered at the November term, 1943, in favor of claimant in accordance with the provisions of the Workmen's Compensation Act.

At the time the award was entered herein, the Attorney General presented to the court the following statement:

"The Attorney General as a duly authorized representative of the State Treasurer has received the notices in the case now before the court and hereby suggests to the court that an award to the Special Fund of which the State Treasurer is the ex-officio custodian should

be made in the amount of $100 as is provided by Section 8, Paragraph e, Subparagraph 20."

It was suggested by the Attorney General that

"The Special Fund is not a State Fund, but is a fund held in trust for the workmen of the State. The Special Fund was created by the Act of the Legislature along with the Workmen's Compensation Act but the monies therein which are the subject of the trust have been paid as required by the Act and are held in trust for the benefit of employees who may suffer a total and complete disability as defined in the Act. There is no exception of State employees or of the State of Illinois from the operation of the provisions of the Workmen's Compensation Act, providing for the Special Fund."

Section 7, Paragraph 2 of the Workmen's Compensation Act reads in part as follows:

"* * * The State Treasurer, or his duly authorized representative, shall be named as a party to all proceedings and receive the usual and customary notices of hearing in all cases involving claim for the loss of, or the permanent and complete loss of the use of one eye, one foot, one leg, one arm or one hand. In case of settlement contract or award involving the loss of, or the permanent and complete loss of the use of any one of the said members, it shall be the duty of the Industrial Commission, or a Commissioner or Arbitrator thereof, to award to the said Special Fund provided for in paragraph (2) of this section, the sum now payable under sub-paragraph (20) of paragraph (2) of Section 8 to be paid by the employer or the insurance carrier if such employer is insured."

The jurisdiction given to the Court of Claims is to hear and determine the liability of the State for accidental injuries or death arising in the course of and out of the employment by an employee of the State. The liability of the State is not limited to the payments to the injured employee, but also includes payments which should be made into the special fund. *Leech et al.* vs. *State,* 11 C. C. R. 394.

Claimant herein suffered the complete loss of an eye, which, under Section 8, paragraph (e), sub-paragraph 20, requires that payment be made into the Special Fund in the amount of One Hundred Dollars ($100.00).

Award is therefore hereby made as follows:

To the State Treasurer of the State of Illinois, as ex-officio custodian of the Workmen's Compensation Special Fund, the sum of One Hundred Dollars ($100.-00); said sum to be held and disbursed by the said State Treasurer in accordance with the provisions of the Workmen's Compensation Act of this State.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."